tions of liens and priorities involving rights to the bankrupt's estate, and that jurisdiction may be invoked by a creditor claiming under a lien or mortgage as well as by the assignee. This jurisdiction is not exclusive, but concurrent with that of other tribunals. And generally when the proceeding is by a preferred creditor, notice on the assignee who represents the estate will be sufficient, without notice to the creditors, though exceptions might be allowed to this rule in some cases very properly. Supposing the petitioner to have a valid claim for the goods in question, he should be protected in his right. If the value is less than the debt secured, his possession and control should not be interfered with. But if the property exceeds in value the debt, the court may, on a proper showing, interfere to protect the surplus, so as to insure its coming to the general creditors—always seeing that the secured creditor is protected to the extent of his secured debt. I hold, that the objection made by the assignee is not well taken. The case will accordingly be for hearing on petition and proofs.

See In re Grinnell [Case No. 5,830], holding a secured creditor must prove his debt in bankruptcy before he can apply the security he holds to the payment of his claim.

## Case No. 6,474.

### The HIGHLANDER.

[See Case No. 12,604.]

## Case No. 6,475.

### The HIGHLANDER.

[4 Blatchf. 55.] [1]

Circuit Court, S. D. New York.    May 5, 1857.

MARITIME LIEN UNDER STATE LAW—WAIVER—REPAIRS OF VESSEL.

1. Where the owner of a steamboat agreed to pay by instalments for a boiler to be built for the vessel, the last instalment to be paid by his giving a note at three months from the completion of the boiler, but he did not give the note: *Held* that, under the lien law of New York (2 Rev. St. 493, §§ 1, 2), the lien of the builder on the vessel for the amount of such last instalment was not displaced by the agreement as to the note.

[Cited in Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 721, 3 Sup. Ct. 606.]

[Cited in Dey v. Anderson, 39 N. J. Law, 203.]

2. On the failure of the owner to give the note, the credit ceased, and the demand became immediately due.

3. If the note had been given, the lien would have been waived.

[Appeal from the district court of the United States for the Southern district of New York.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was a libel in rem, filed in the district court, against the steamboat Highlander, to recover a balance of $1400 and interest, due on a special contract for the building of a boiler for that vessel, and also $1488.95, for work done over and beyond the contract. The district court rendered a decree in favor of the libellants, on both claims [case unreported]; and the claimant appealed to this court. The claim for the $1488.95 was not seriously disputed. The claim for the balance due on the special contract was contested, on the ground that credit was given to Cornell, the owner, and not to the vessel. By the contract, which was made February 2d, 1855, Cornell agreed to pay for the boiler by paying $1000 on the 1st of March, $1000 by the 1st of April, $1000 when the boiler should be on board and complete, and the balance by a note, payable three months from the time of completion. Cornell neglected or refused to give the note, as agreed.

Erastus C. Benedict, for libellants.
Dennis McMahon, for claimant.

NELSON, Circuit Justice. There is no question that the balance of the contract price for the boiler is due and payable, but it is insisted that the builder had no lien on the vessel, as the credit was given to the owner. The Highlander is a domestic vessel, and the lien, therefore, depends upon the state law. That law, at the date of the contract, provided that the lien should cease twelve days after the vessel had left the port for some other one within the state. 2 Rev. St. p. 493, §§ 1, 2. By a subsequent law, passed March 25th, 1855, the time is extended to sixty days. Sess. Laws 1855, p. 174, §§ 1, 2. So far as the question here is concerned, the latter law is not important. The contract was made before its enactment. and, of course, with reference to the old law.

On the part of Cornell, it is insisted, that the agreement to take a note at three months, for the last instalment was inconsistent with the idea of a lien on the vessel, as the event, to wit. leaving her port, would, in all human probability, occur more than twelve days before the credit of three months would expire, and hence that no lien could have been in the contemplation of the parties as to that payment.

On the part of the libellants, it is claimed, that the whole of the contract price became due on the completion of the work, but the last instalment was to be paid by a note at three months; and that, as the note was not given or tendered, that instalment became immediately due. The question is a close one, and I have entertained some doubts about it. Judge Ingersoll, who decided the case below. came to the conclusion that the lien existed, and enforced it by his decree. The mere giving of credit does